# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

MARCELO WATTS,

    Plaintiff,

v.

PLM VENTURES, LLC, PRECISION LANDSCAPE MANAGEMENT, LLC and CHAD M. KELLER,

    Defendants.

CIVIL ACTION NO.
_____

**FLSA COMPLAINT**

## COMPLAINT

COMES NOW, Plaintiff Marcello Watts and hereby and pursuant to Fed. R. Civ. P. 3 and 8 hereby commences this action by the foregoing Complaint, and for good cause for relief shows the Court as follows:

## INTRODUCTION

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover unpaid overtime wages owed to Plaintiff who was formerly employed by PLM Ventures, LLC, Precision Landscape Management, LLC and Chad M. Keller (hereinafter referred to individually as "PLM", "Precision Landscape" and "Keller" or collectively as "Defendants").

2. During the three-year period preceding the filing of this complaint, Plaintiff Marcelo Watts alleges he is entitled to recover overtime wages, minimum wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over the claims herein pursuant to the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §§ 1331 and 1337.

4. Plaintiff's claims involve matters of national or interstate interest.

5. Venue is proper in this district and in this division pursuant to 28 U.S.C. § 1391 because Defendant PLM's headquarters is located in Athens, Georgia and Defendant Precision Landscape's headquarters is located in Athens, Georgia.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Marcelo Watts ("Watts") is an adult residing in Athens, Georgia.

8. Plaintiff consents to be a party to this action pursuant to 29 U.S.C. § 216(b).

9. For the period dating from July 2015 through July 2016, Watts was an

employee of Defendants within the meaning of the FLSA.  Watts was denied overtime wages for hours that he worked in excess of forty hours per week.

10. Defendant PLM Ventures, LLC is a Georgia for-profit corporation registered with the Secretary of State with its principal place of business located at 925 Danielsville Road, Athens, Georgia 30601.  Defendant PLM can be served with a summons and copy of this Complaint by delivery process to its registered agent Chad M. Keller, 1351 Jennings Mill Road, Suite C-2, Bogart, Georgia 30622 in Oconee County.

11. Defendant Precision Landscape Management, LLC is a Georgia for-profit corporation registered with the Secretary of State with its principal place business located at 925 Danielsville Road, Athens, Georgia 30601.  Defendant Precision Landscape can be served with a summons and copy of this Complaint by delivery process to its registered agent Chad M. Keller, 1351 Jennings Mill Road, Suite C-2, Bogart, Georgia 30622 in Oconee County.

12. Defendant Precision Landscape Management, LLC has been administratively dissolved by the Georgia Secretary of State.  Plaintiff alleges, on information and belief that Precision Landscape Management is a validly existing and operating business notwithstanding its status before the Secretary of State.

13. Defendant Chad M. Keller is the owner and operator of Defendant

PLM Ventures, LLC and Precision Landscape Management, LLC.  Keller controlled the policies and procedures of the companies and set corporate rules related to employment of individuals, hours worked and compensation for employment.  Defendant Chad M. Keller by virtue of his control and operation of these companies was an employer of Plaintiff under the FLSA.  Defendant Chad M. Keller can be served with a summons and copy of this Complaint by delivery process to 111 Riverview Drive, Eatonton, Georgia 31024 in Putnam County.

14. At all times relevant hereto, Defendant PLM was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and (s).

15. At all times relevant hereto, Defendant Precision Landscape was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and (s).

16. At all times relevant hereto Defendant Keller owned and operated an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and (s).

17. At all times relevant hereto, Defendants were "employer[s]" as defined by 29 U.S.C. § 203(d).

18. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.00.

19. Defendants have at all times relevant to this Complaint, operated in interstate commerce, including, engaging in interstate commercial transactions,

purchasing and selling goods or services in interstate commerce, and interstate travel in the sale and delivery of goods to customers.

## **FACTS**

20. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

21. Defendants operate a landscaping business that contracts with residential homes as well as commercial buildings and government entities such as schools for the performance of landscaping, land maintenance, grounds keeping and cleaning services.

22. During the one and one half years prior to the date of filing this Complaint up until his date of termination, Defendants employed Plaintiff as a landscaping and maintenance worker.  His duties involved cutting grass, landscaping and performing related tasks, including maintenance work on building facilities, such as cleaning bathrooms.  Watt's job classification and duties were not exempt from the overtime and minimum wage payment requirements of the FLSA.

23. PLM and Precision Landscape are located in Athens, Georgia, and are physically located at 925 Danielsville Road, Athens, Georgia.

24. As a landscaping and maintenance worker, Defendants directed

Plaintiff to perform services for its customers.

25. Consistent with Defendants' policy, pattern, and/or practice, Plaintiff regularly worked in excess of forty hours per workweek without being paid overtime wages, in violation of the FLSA.

26. Plaintiff regularly worked 50 hours or more per workweek.

27. Defendants assigned all of the work that Watts performed, and/or has been aware of it. The exact number of hours worked per week can be ascertained in part from Defendants' records.

28. Defendants' however did not maintain accurate records of numbers of hours worked throughout Plaintiff's employment. The records maintained by the employer are likely to be incomplete or understate the total number of hours worked in a workweek by Plaintiff.

29. Plaintiff routinely worked in excess of 40 hours per week.

30. Defendants paid Plaintiff Twelve Dollars and Fifty Cents per hour ($12.50) in 2015 and increased Plaintiff's hourly rate to Fourteen Dollars per hour ($14.00) sometime on or around May 1, 2016. Defendants paid Plaintiff the $12.50 per hour or the $14.00 per hour without regard to the actual number of hours worked in the workweek.

31. Defendants failed to pay Plaintiff overtime wages at a rate of one and

one-half times his regular rate when he worked more than forty hours in a workweek.

32. In each workweek, Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty.

33. During all relevant times from the one and one half years from the date of filing of this lawsuit through his last day of employment, Defendants controlled Plaintiff's employment in all of the following ways:

    a. Plaintiff could not negotiate the amount he was paid by Defendants;

    b. Plaintiff could not negotiate the job duties or responsibilities he was required to perform for Defendants;

    c. Defendants dictated the price it would charge the customers, and Plaintiff's compensation did not depend on the amount of sales made to customers or any other independent exercise of discretion or judgment;

    d. Defendants did not permit Plaintiff to hire other workers to assist him with his work;

    e. Defendants did not permit Plaintiff to work for other companies; and

  f. Defendants did not permit Plaintiff to hire or fire other employees, nor to exercise any managerial control over any other employees.

34. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but it is not limited to willfully failing to pay Plaintiff overtime wages for hours that he worked in excess of 40 hours per work week.

35. Plaintiff is a victim of the Defendants' common policy and/or plan to violate the FLSA by (1) failing to pay all earned wages; (2) failing to provide any wages for "off the clock" work; and (3) failing to provide overtime wages for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

36. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff.

37. Defendants operated a common scheme to pay exempt employees similarly situated to Plaintiff a fixed hourly rate regardless of the number of overtime hours worked. Similarly-situated employees to Plaintiff were compensated in the same illegal manner as Plaintiff.

38. To the extent any similarly situated Plaintiff elects to opt-in to this Action, the Defendants common scheme and violations of the FLSA make joinder

of such individuals proper under 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

39. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

40. At all relevant times and continuing to the present time, Defendants' fixed hourly compensation system did not fully compensate Plaintiff for all his hours worked in excess of forty (40) hours per week as required by Section 207 of the FLSA.

41. As a result of Defendants' FLSA violations, Defendants are jointly and severally liable to Plaintiff for unpaid overtime compensation in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, seek an order or orders providing the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. A finding that Defendants' violation of the FLSA was willful and imposing a three-year statute of limitations period for FLSA claims;

c. An award of unpaid overtime compensation;

d. An award in the amount equal to unpaid overtime compensation as liquidated damages;

e. An award of pre-judgment and post-judgment interest;

f. An award of reasonable attorneys' fees and costs; and

g. Other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully Submitted: December 20, 2016.

By: /s/ *Randall D. Grayson*
Randall D. Grayson
Georgia Bar No. 306560

DELCAMPO & GRAYSON LLC
5455 Chamblee Dunwoody Road
Dunwoody, GA 30338
Telephone: (770) 481-0444
Facsimile:  (770) 395-0806
rgrayson@dcglawfirm.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14 point font, as required by Local Rule 5.1.

Respectfully Submitted: December 20, 2016.

                                                By:   */s/ Randall D. Grayson*
                                                       Randall D. Grayson
                                                       Georgia Bar No. 306560

DELCAMPO & GRAYSON LLC
5455 Chamblee Dunwoody Road
Dunwoody, GA 30338
Telephone: (770) 481-0444
Facsimile:  (770) 395-0806
rgrayson@dcglawfirm.com

*Attorneys for Plaintiff*