## **GENERAL RELEASE**

This General Release Agreement (the "Agreement") is made and entered between the following parties: (1) Marcelo Watts, (2) PLM Ventures, LLC, (3) Precision Landscape Management, LLC and (4) Chad M. Keller

**1.0  Release**

In consideration of the payment described in Section 3.0, the receipt and sufficiency of which is hereby acknowledged, Marcelo Watts (hereinafter referred to as "Plaintiff") does hereby release, remise, and forever discharge PLM Ventures, LLC, Precision Landscape Management, LLC, and Chad M. Keller, and all of their agents, servants, attorneys, employees, officers, directors, subsidiaries, shareholders, parent corporations, affiliated corporations, partners, heirs, successors, insurers, and assigns (hereinafter referred to as "Releasees") from any and all claims asserted, or which could have been asserted, as related to or a result of the events referenced or which could have been referenced in the Complaint in the matter styled <u>Marcelo Watts v. PLM Ventures, LLC, Precision Landscape Management, LLC, and Chad M. Keller,</u> Civil Action No. 3:16-CV-167(CDL), pending in the United States District Court for the Middle District of Georgia (hereinafter referred to as the "Occurrence"), and any and all claims or causes of action whatsoever, in any venue and or to any agency, entity, or regulatory body, that Plaintiff may have against Releasees up through and including the date of execution of this Agreement, whether or not related to the Occurrence.

This Agreement is intended to, and does in fact, cover all potential actions, causes of action, claims and demands of Plaintiff against Releasees for, upon, or by reason of, any damage or loss, known or unknown, as now appearing or as may appear at any time in the future, which accrued up through and including the date of execution of this Agreement. This Agreement is executed with the full knowledge and understanding on Plaintiff's part that there may be more serious consequences, damages, or injuries or separate or distinct consequences, damages, or injuries as the result of the Occurrence aforementioned, which are not now known; and any draft issued to Plaintiff in consideration of this Agreement is accepted as full and final payment of the consideration set out herein. Plaintiff will execute and effect a voluntary dismissal with prejudice of his claims against Releasees simultaneous with the execution of this Agreement and upon payment of the amount set forth in Section 3.0.

**2.0  Nature of Agreement**

It is agreed and acknowledged that payment under the terms of this Agreement is not to be construed as an admission of liability on the part of Releasees, but that said payment is in compromise and settlement of claims which are not admitted but are specifically denied and disputed by said Releasees; that this Agreement is being given voluntarily and not based on any representations or statement of any kind made by Releasees, or their representatives, as to the merits, legal liability, or value of the potential claims or any other matter relating thereto.

It is agreed and acknowledged that, while the Releasees dispute this claim and pay the consideration only to buy their peace and to avoid litigation, Plaintiff disputes that he has been fully compensated for non-economic losses. Although Plaintiff disputes that he has been fully compensated for non-economic losses, Plaintiff acknowledges that this Agreement constitutes a full and complete release of any and all claims of any kind or nature.

### 3.0   Payment

In exchange for the release set forth above and the other consideration provided herein by Plaintiff, Releasees to make a single payment of <u>Six Thousand Dollars ($6,000.00)</u> to Plaintiff, made payable to "Marcelo Watts and DelCampo & Grayson, LLC IOLTA."

### 4.0   Representation of Comprehensive Nature of Agreement

In entering into this Agreement, Plaintiff represents that he has relied upon the advice of his attorneys, who are the attorneys of his own choice, concerning the legal and income tax consequences of this Agreement; that the terms of this Agreement have been completely read and explained to Plaintiff by his attorneys; and that the terms of this Agreement are fully understood and voluntarily accepted by Plaintiff.

### 5.0   Warranty of Capacity to Execute Agreement

Plaintiff represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes or action referred to in or released by this Agreement, except as otherwise set forth herein; that Plaintiff has the sole right and exclusive authority to execute this Agreement and receive the sums specified in it; and that Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

### 6.0   Additional Documents

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

### 7.0   Entire Agreement and Successors in Interest

This Agreement contains the entire Agreement between Plaintiff and Releasees with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

### 8.0   Effectiveness

If any of this Agreement is held by any court of competent jurisdiction to be invalid or otherwise unenforceable, in whole or in part, the remainder of the enforceable parts of this Agreement shall not be affected thereby and shall be enforced to the full extent permitted by law.

**PLAINTIFF:**

By: ___/s/ Marcelo Watts___   Sworn to and subscribed before me this 11th
Marcelo Watts                  day of April, 2017.

Date: 4-11-17

___/s/ Notary___
Notary Public
My Commission Expires: 06-17-2018

**PLAINTIFF'S ATTORNEY (as to form only):**

DelCampo & Grayson, LLC

By: ___/s/___                 Date: 4-11-2017